1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                    * * *
                                       )
9   REBECCA BUSSA,                     )
                                       )
10              Plaintiff,             )        3:10-cv-0782-LRH-VPC
                                       )
11   v.                                )
                                       )        ORDER
12  CHASE HOME FINANCE, LLC; et al.,   )
                                       )
13              Defendants.            )
    _____)

14

15          Before the court are plaintiff Rebecca Bussa's ("Bussa") motion to remand (Doc. #6[1]) and

16  motion for attorney's fees (Doc. #7). Defendants filed an opposition (Doc. #11) to which Bussa

17  replied (Doc. #12).

18  **I.      Facts and Procedural History**

19          In June, 2003, Bussa purchased real property through a mortgage note and deed of trust

20  originated by non-party CTX Mortgage Company ("CTX"). The amount of the loan was

21  $60,001.00. Eventually, Bussa defaulted on the mortgage note and defendants initiated non-judicial

22  foreclosure proceedings.

23          Subsequently, Bussa filed a complaint in state court against defendants alleging six causes

24  of action: (1) contractual breach of the covenants of good faith and fair dealing; (2) tortious breach

25

26
    _____
        [1] Refers to the court's docket entry number.

1  of the covenants of good faith and fair dealing; (3) declarative relief; (4) fraud; (5) negligent

2  misrepresentation; and (6) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923.

3  Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity

4  jurisdiction. Doc. #1. Thereafter, Bussa filed the present motion to remand. Doc. #6.

5  **II.     Legal Standard**

6        Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

7  courts of the United States have original jurisdiction, may be removed by the defendant or the

8  defendants, to the district court of the United States for the district and division embracing the

9  place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction

10  over civil actions where the suit is between citizens of different states and the amount in

11  controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity

12  case, if a complaint does not specify the amount of damages, "the removing defendant bears the

13  burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds

14  $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

15        Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A

16  federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are

17  construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*

18  *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

19  1992).

20  **III.    Discussion**

21        Bussa concedes that the parties are diverse for diversity jurisdiction, but argues that

22  defendants' notice of removal is insufficient to prove, by a preponderance of the evidence, that the

23  amount in controversy exceeds $75,000.00. Bussa's complaint only requests damages in excess of

24  $10,000.00 as required under the Nevada Rules of Civil Procedure. Further, Bussa alleges that the

25  total loan amount at issue in the mortgage note was only $60,001.00. Thus, on the face of Bussa's

26

1  complaint, it is not facially evident that the amount in controversy exceeds $75,000. Therefore,

2  Bussa contends that the exercise of diversity jurisdiction over this matter is improper.

3         In opposition, defendants argue that the amount in controversy is satisfied because Bussa is

4  also requesting punitive damages and attorney's fees in her complaint. Generally, the amount in

5  controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and

6  punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the

7  mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that

8  the amount in controversy has been met. In order to meet their burden for removal, defendants must

9  present evidence indicating the amount of punitive damages the Bussa seeks will, more likely than

10  not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v.*

11  *Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see*

12  *also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

13         Here, defendants have failed to provide the court with sufficient evidence to establish that

14  the amount in controversy will be exceeded by an award of punitive damages. Further, defendants

15  have not shown that an award of punitive damages is a supportable claim in this action, nor has it

16  established that any punitive damage award, if awarded, is more likely than not to bring the amount

17  in controversy over $75,000. Thus, the court finds that defendants have failed to meet their burden

18  to prove that the amount in controversy has been met. Accordingly, the court shall grant Bussa's

19  motion and the matter shall be remanded for lack of jurisdiction.

20  **IV.    Attorney's Fees**

21         An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C.

22  § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent*

23  *Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Fees may be awarded when removal, "while

24  fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*,

25  208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

26

1    Here, the court declines to exercise its discretion in awarding attorney's fees because

2  defendants' removal, though ultimately unsuccessful, was arguable in light of Bussa's six separate

3  claims for relief and additional requests for punitive damages and attorney's fees.

4

5    IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #6) is GRANTED.

6  The present action, 3:10-cv-0782-LRH-VPC, is REMANDED to the Second Judicial District Court

7  for the District of Nevada.

8    IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (Doc. #7) is

9  DENIED.

10    IT IS FURTHER ORDERED that plaintiff's request for submission (Doc. #14) is DENIED

11  as moot.

12    IT IS SO ORDERED.

13    DATED this 12th day of May, 2011.

14

15  _____

16  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

4